IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
NO. 3:23-CV-00634–MOC–SCR

| | |
|---|---|
| TYIMA JENKINS, <br>     Plaintiff, <br><br> v. <br><br> NC DEPARTMENT OF TRANSPORATION, and WAYNE GOODWIN, in his official capacity as Commissioner of the NC Division of Motor Vehicles, <br>    Defendants. | **DEFENDANTS' MEMORANDUM <br> OF LAW IN SUPPORT <br> OF MOTION TO DISMISS** |

NOW COME Defendants, NC Department of Transportation, and Wayne Goodwin, in his official capacity as Commissioner of the NC Division of Motor Vehicles, by and through undersigned counsel, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, moving the Court to dismiss Plaintiff's Complaint for failure to state a claim upon while relief can be granted.

## NATURE OF THE CASE

Plaintiff brings this employment action pursuant to 42 U.S.C. § 2000(e) *et. seq.* against the NC Department of Transportation and the Commissioner of the North Carolina Division of Motor Vehicles (DMV), in his official capacity, seeking "legal and equitable" relief. Plaintiff alleges that Defendants discriminated against her in her efforts to express breast milk for her child while at work.

**STATEMENT OF CASE**

Plaintiff filed her Complaint against Defendants in the United States District Court for the Western District of North Carolina, Charlotte Division, on 4 October 2023. [D.E. 1] Plaintiff's claims are entirely predicated upon the EEOC Charge of Discrimination (Charge No.: 430-2023-01062) that she filed on 3 January 2023. *See* EEOC Charge of Discrimination No. 430-2023-010602, attached and incorporated herein as **Exhibit 1**[1]. Plaintiff received a Right to Sue Letter from the EEOC dated 6 July 2023, attached and incorporated herein as **Exhibit 2**. She then filed the instant action seeking compensatory damages, costs and expenses, and injunctive relief. [D.E. 1]

The Complaint generally alleges one claim for relief: "Violations of Title VII of the Civil Rights Act of 1963, *as amended*, 42 U.S.C. § 2000 *et seq.*, and PDA." Using conclusory legal language, the Complaint does not list specific violations of Title VII sufficient for Defendant to make a meaningful response. Indeed, Plaintiff's one Claim for Relief alleges only "willful and intentional" discrimination and does not pursue any additional Title VII claims as delineated in paragraph 1 of Plaintiff's Complaint. Specifically, Plaintiff does not elaborate on Defendants' alleged failure to accommodate, impeding an employee in her…express[ing] breast milk, disparate break time treatment, and retaliation. Additionally, the Complaint neither lists

---

[1] Plaintiff expressly referred to the EEOC Charge and Right to Sue Letter in her Complaint. As such, Defendants' attachment of such documents is integral to Plaintiff's Complaint and does not convert the instant motion into a Motion for Summary Judgment.

elements of alleged Title VII causes of action nor does it plead facts to support alleged Title VII causes of action, including intentional discrimination. [D.E. 1, ¶ 1] Accordingly, Plaintiff's Claim does not satisfy the pleading demands of Federal Rule of Civil Procedure 8, as more specifically and recently imagined in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009). While Rule 8 does not require "detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (*citations omitted*). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* Since Plaintiff's only count against Defendants fails to state a claim upon which relief can be granted, Plaintiff's Complaint must be dismissed with prejudice.

## STATEMENT OF FACTS[2]

Plaintiff was. hired as a law enforcement officer with Defendants in June 2020 and performed satisfactorily during her employment. [D.E. 1, ¶¶ 9-10] After giving birth to her child on 9 September 2021, Plaintiff returned from maternity leave around March 2022 with the intention of expressing breast milk for her child while at work. *Id.* at ¶¶ 11-12. Plaintiff's supervisors, Lieutenants Troutman and Landis, fully supported Plaintiff's desire to express breast milk. *Id.* at ¶¶ 12-15. Specifically,

---

[2] Defendants recite the facts based on the allegations as pleaded in the Complaint. This recitation is not a concession or admission of any of the facts contained therein.

- 3 -

the supervisors indicated that providing a space for Plaintiff to pump her breasts "would not be an issue"; provided Plaintiff written materials regarding lactation; and offered Plaintiff several options for pumping including inside the office, at her home, or in her assigned patrol vehicle. *Id.* at ¶¶ 12-13, 15.

Plaintiff initially went home to pump her breasts but eventually chose to pump inside her patrol vehicle for convenience due to working in the field. *Id.* at ¶¶ 16-18. Around June 2022, Plaintiff chose to pump her breasts inside the office. *Id.* at ¶ 22. Accordingly, Lieutenants Troutman and Landis designated the office's Records Room as Plaintiff's lactation room on or about 20 June 2022; placed a privacy sign on the outside of the door to notify other employees not to enter; and notified Plaintiff that only supervisors had keys to the room. *Id.* at ¶¶ 22-23. Despite the privacy sign, colleagues walked into the Records Room while Plaintiff was pumping her breasts on June 21 and August 2, respectively. *Id.* at ¶¶ 24-25.

At Plaintiff's request, management immediately designated a new lactation location, Lieutenant Shrader's office, on 3 August 2022.³ *Id.* at ¶ 27. Since Lieutenant Shrader's office was monitored by a ceiling camera, Lieutenant Troutman covered the camera with a sheet of paper for Plaintiff's privacy. *Id.* at ¶¶ 30-31. The same day, Lieutenant Landis sent an e-mail to the office advising employees that no one was to access Lieutenant Shrader's office without supervisory permission. *Id.* at ¶ 27. Later during the afternoon of 3 August 2022, while in the break room, Captain

---

³ Upon information and belief, Plaintiff's Complaint mistakenly lists the year as 2023.

- 4 -

Ratliff commented that Inspector Aureliano, who had walked in on Plaintiff pumping the previous day, "looked like a deer in headlights" after the incident. *Id.* at ¶ 28. The comment embarrassed Plaintiff. *Id.* at ¶ 28.

The sheet of paper covering the ceiling camera in Lieutenant Shrader's office had fallen off by 17 August 2022. *Id.* at ¶ 31. Uncomfortable that there was an exposed camera in the room, Plaintiff chose to use the designated lactation room less and instead continued pumping her breasts inside her vehicle or going home to pump as her schedule permitted. *Id.* at ¶ 31. Plaintiff discontinued pumping and breastfeeding by mid-October 2022. *Id.* at ¶ 36. Nevertheless, Plaintiff was offered a secure "mother's room" with a key on 28 November 2022. *Id.* at ¶ 38. Plaintiff refused the new accommodation since she was no longer nursing. *Id.* at ¶ 40.

## **LEGAL STANDARD**

A motion to dismiss for failure to state a claim under Rule 12(b)(6) serves to test the legal sufficiency of the Complaint. *See e.g., Giarratano v. Johnson,* 521 F.3d 298, 302 (4th Cir. 2008); *Presley v. City of Charlottesville,* 464 F.3d 480, 483 (4th Cir. 2006). To survive a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," thereby "nudg[ing] their claims across the line from conceivable to plausible." *Aziz v. Alcolac, Inc.*, 658 F.3d 388, 391 (4th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). Although courts must generally accept the allegations of a complaint as true, that principle is "inapplicable to legal conclusions" or

- 5 -

Case 3:23-cv-00634-MOC-SCR    Document 9    Filed 11/16/23    Page 5 of 14

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

"At bottom, determining whether a complaint states on its face a plausible claim for relief and therefore can survive a Rule 12(b)(6) motion will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the possibility of misconduct, the complaint has alleged – but it has not show[n] – that the pleader is entitled to relief…" *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679) (quotations omitted). Unsupported legal allegations need not be accepted. *Revene v. Charles Cty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989).

When considering a motion under Rule 12(b)(6), "it is not . . . proper to assume that plaintiff[ ]can prove facts that [she has] not alleged or that the defendants have violated the . . .law[] in ways that have not been alleged." *Estate Constr. Co. v. Miller & Smith Holding Co.,* 14 F.3d 213, 221 (4th Cir. 1994) (*quotation and citation omitted*). Thus, in ruling on a 12(b)(6) motion, this Court must determine as a matter of law whether the allegations state a claim for which relief may be granted. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). While this Court must accept Plaintiff's allegations as true, it need not accept as true her asserted legal conclusions. "Were it otherwise, Rule 12(b)(6) would serve no function, for its purpose is to provide a defendant with a mechanism for testing the legal sufficiency of the complaint." *District 28, United Mine Workers of America, Inc. v. Wellmore Coal Corp.,* 609 F.2d 1083, 1085-86 (4th

Cir. 1979); *see also Randall v. U.S.,* 30 F.3d 518, 522 (4th Cir. 1994) (court not bound by plaintiff's legal conclusions in deciding motion to dismiss), *cert. denied*, 514 U.S. 1107 (1995).

**ARGUMENT**

**I. PLAINTIFF HAS NOT SHOWN INTENTIONAL DISCRIMINATION BASED ON GENDER OR PREGNANCY.**

Plaintiffs may prove Title VII discrimination claims "either through direct and indirect evidence of discriminatory animus, or through the burden-shifting framework of *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973)." See *Foster v. Univ. of Maryland-E. Shore*, 787 F.3d 243, 249 (4th Cir. 2015), *abrogated on other grounds*, *Laird v. Fairfax Cty., Virginia*, 978 F.3d 887, 893 n.6 (4th Cir. 2020). Specifically relevant to this dispute, a plaintiff may establish a *prima facie* case of disparate treatment on the basis of sex under Title VII by showing (1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class.[4] *See White v. BFI Waste Servs., LLC*, 375 F.3d 288, 295 (4th Cir. 2004). The failure to demonstrate one of these required elements is fatal to a plaintiff's ability to establish a *prima facie* case. See *Hemphill v. ARAMARK Corp.*, No. 12-1584, 2014 U.S. Dist. LEXIS 39809, 2014 WL 1248296, at *19 (D. Md. Mar. 25, 2014), *aff'd*, 582 Fed. Appx. 151 (4th Cir. 2014).

---

[4] Claims under the Pregnancy Discrimination Act are examined in the same fashion as other discrimination claims under Title VII. *Young v. UPS,* 135 S.C.t 1338, 1345 (2015).

- 7 -

Once a plaintiff establishes a *prima facie case,*

> [the] burden then shifts to the [defendant] to show that its alleged discriminatory action was in fact the result of a legitimate non-discriminatory reason. If the employer makes this showing, the burden shifts back to the plaintiff to rebut the employer's evidence by demonstrating that the employer's purported nondiscriminatory reasons were not its true reasons, but were a pretext for discrimination.

*Foster*, 787 F.3d at 250 (internal quotations and citations omitted).

Here, Plaintiff is unable to establish a *prima facie* case of intentional discrimination. Plaintiff has sufficiently alleged that she is a member of a protected class because lactation is a "[pregnancy] related medical condition" under Title VII and Plaintiff alleges that Defendants discriminated against her because of her need to express breast milk. See 42 U.S.C.S. §§ 2000e-2(a); DKT No. 1, ¶ 11. Plaintiff additionally has alleged that she received satisfactory performance ratings during her employment with Defendants. *Id.* at ¶ 10. However, Plaintiff has failed to satisfy the remaining two elements of a *prima facie* discrimination claim. Specifically, Plaintiff has not satisfactorily demonstrated that she suffered an adverse employment action or that she was treated differently from similarly situated employees outside the protected class.

Plaintiff's Complaint necessarily posits that the two instances of coworkers walking in on her while she was pumping her breasts, the cover falling off of the camera in her lactation room, and a supervisor's comment that made her uncomfortable were somehow due to intentional discrimination. But Plaintiff's mere guesswork is not enough to satisfy the pleading standard. *See Bing*, 959 F.3d at 618

- 8 -

Case 3:23-cv-00634-MOC-SCR   Document 9   Filed 11/16/23   Page 8 of 14

("Being aware of no alternative explanation and guessing that conduct is [discriminatorily] motivated does not amount to pleading actual facts to support a claim of discrimination…"). In this case, Plaintiff fails to proffer any factual detail at all to support her claims of intentional sex and pregnancy discrimination and further fails to identify the gender of several of the individuals set forth in her statement of facts. DKT. No. 1. Additionally, Plaintiff does not allege facts showing that her lactation accommodations were discriminatory based on Plaintiff's gender or pregnancy or why the accommodations were a pretext for race or sex discrimination.

To the contrary, Defendants relocated Plaintiff to Lieutenant Shrader's office when she became concerned about pumping in the Records Room, and Defendants later offered Plaintiff a secure room with a key in which to pump, which she declined. In addition to offering pumping accommodations inside of the office, Defendants also allowed Plaintiff the options of going home to pump or to pump in her car if she wished. As a result, it does not appear that Plaintiff can show that the perceived inadequacies of her lactation accommodations were causally connected to her gender or pregnancy, or that such inadequacies were a pretext for animus. Plaintiff's "naked assertion[s] devoid of further factual enhancement" are insufficient to state "a claim to relief that is plausible on its face." *Iqbal*, 556 at 678 (alteration in original) (internal quotation marks omitted); *Twombly*, 550 U.S. at 570.

In reality, Plaintiff blindly concludes that any conduct of co-workers and supervisors relative to her lactation, and which made her uncomfortable, must be discriminatory. This kind of *non sequitur* is insufficient to survive dismissal. Indeed,

- 9 -

Plaintiff has not sufficiently alleged any facially plausible claims rooted in "reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 663. This Court cannot draw inferences of discriminatory motive in the absence of conclusive fact. *See. McCleary-Evans v. Maryland Dep't of Transp., State Highway Admin.,* 780 F.3d 582, 583-86 (4th Cir. 2015) (finding race and gender discrimination claim to be insufficient, speculative, and conclusory where no factual basis was provided to explain what transpired during job interviews where white male or female applicants were selected over African-American female applicants).

Rather than offer facts that support her claim(s), Plaintiff instead supplies ample evidence that undermines her claims, i.e. that management offered three locations for Plaintiff to pump her breasts at her convenience (at her home, in her state-assigned vehicle, or in the office) and three different lactation rooms inside the office that Plaintiff either was dissatisfied with or rejected.

Similarly, Plaintiff fails to establish that she suffered any adverse employment action. An adverse employment action in the discrimination context is "a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761 (1998); *Holland v. Washington Homes, Inc.,* 487 F.3d 208, 219 (4th Cir. 2007) ("An adverse employment action is a discriminatory act that 'adversely affects the terms, conditions, or benefits of the plaintiff's employment.'"); *Hoyle v. Freightliner*, LLC, 650 F.3d 321, 337 (4th Cir. 2011) (citation omitted); *see also Boone v. Goldin*, 178 F.3d 253, 255 (4th Cir.

1999) (noting that an adverse action is one in which an employee suffers a "discharge, demotion, decrease in pay or benefits, loss of job title or supervisory responsibility, or reduced opportunities for promotion").

Here, Plaintiff has suffered no adverse employment action. Her Complaint does not allege that she was demoted, lost benefits, lost pay or rank, that she was terminated, or that she was denied breaks to express breast milk. To the contrary, Plaintiff only offers very kinds of workplace gripes that courts routinely dismiss – namely, that coworkers walked in on her while she was pumping breast milk for her child; that a cover inadvertently fell off a security camera in her designated lactation room; and that a supervisor made a comment that made Plaintiff uncomfortable. Even if true, these allegations do not constitute "adverse employment actions." *See Bristow v. Daily Press, Inc.,* 770 F.2d 1251, 1255 (4th Cir. 1985) ("employment discrimination laws require as an absolute precondition to suit that some adverse employment action have occurred.") Plaintiff has not offered any tangible employment action that she has suffered.

Although Plaintiff takes exception to the lactation accommodations that made her uncomfortable, none of the actions she allege to be discriminatory constitute adverse employment actions for purposes of Title VII. *See Boone v. Goldin,* 178 F.3d 253, 256 (4th Cir. 1999) (stating that Title VII was not intended "to provide redress for trivial discomforts endemic to employment."); *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68, 126 S. Ct. 2405, 165 L. Ed. 2d 345 (2006) (Title VII "does not set forth a general civility code for the American workplace" or "immunize

- 11 -

Case 3:23-cv-00634-MOC-SCR   Document 9   Filed 11/16/23   Page 11 of 14

[employees] from those petty slights or minor annoyances that often take place at work and that all employees experience.") *Bye v. MGM Resorts Int'l, Inc.*, 49 F.4th 918, 923 (5th Cir. 2022) ("While plaintiff provided comments that her co-workers made about her taking breaks to pump [her breasts], she failed to demonstrate that the alleged hostility was more than 'mere offensive utterances,' which are not sufficient to establish a claim under Title VII."); *Pawlow v. Dep't of Emergency Servs. & Pub. Prot.*, 172 F. Supp. 3d 568, 575 (D. Conn. 2016) (plaintiff failed to establish an adverse employment action, despite two instances of her employer's failure to accommodate expressing breast milk and that she was inconveniently required to go home to express milk, where plaintiff provided no evidence that she was denied breaks to express milk).

Even assuming Plaintiff could show that Defendants took an adverse employment against her, she offers no evidence whatsoever to demonstrate that any of Defendants' actions resulted from discriminatory conduct. Specifically, Plaintiff does not allege facts sufficient to establish a causal connection between the protected activity and the perceived adverse action. Plaintiff alleges that Defendant failed to provide a proper space for her to pump milk. Importantly, however, she does not allege that there was a better, available space which she was denied. Absent such evidence, Plaintiff fails to meet her initial burden under Title VII. 42 USC §§ 2000e *et seq*. Since "[t]he plaintiff always bears the ultimate burden of proving that the employer intentionally discriminated against her," and plaintiff has failed to plead facts sufficient to establish her *prima facie* case, her Complaint must be dismissed

for failure to state a claim upon which relief may be granted. *Evans v. Tech. Applications & Serv. Co.*, 80 F.3d 954, 959 (4th Cir. 1996).

## CONCLUSION

Plaintiff has failed to state a claim upon which relief can be granted. The allegations in the Complaint are scant on factual detail that could support Plaintiff's generalized claim of discrimination. As such, Plaintiff's Complaint should be dismissed with prejudice.

WHEREFORE, Defendants respectfully request that this Honorable Court dismiss Plaintiff's Complaint with prejudice.

Electronically submitted, this the 16th day of November, 2023.

JOSHUA H. STEIN
Attorney General

/s/ Kathryne E. Hathcock
Kathryne E. Hathcock
Special Deputy Attorney General
N.C. Department of Justice
Post Office Box 629
Raleigh, North Carolina 27602
Telephone: (919)716-6650
Facsimile: (919)716-6708
E-mail: khathcock@ncdoj.gov
N.C. Bar No.: 33041

*Counsel for Defendants*

# CERTIFICATE OF SERVICE

I, Kathryne E. Hathcock, Special Deputy Attorney General, do hereby certify that on this day, I have electronically filed the **DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all registered filers.

This the 16th day of November, 2023.

/s/ Kathryne E. Hathcock
Kathryne E. Hathcock
Special Deputy Attorney General
